**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| PERVACIO, INC., | Case No. 20-12096 (JTD) |
| Debtor. | Hearing Date: December 16, 2020 at 2:00 p.m.<br>Objection Deadline: December 9, 2020 at 4:00 p.m. |

**MOTION OF CHAPTER 7 TRUSTEE FOR ORDER APPROVING
SETTLEMENT WITH AND RELEASE OF PARTNERS FOR GROWTH V, L.P.
PURSUANT TO FED. R. BANKR. P. 9019**

George L. Miller, the chapter 7 trustee (the "Trustee") of the bankruptcy estate of Pervacio, Inc. (the "Debtor"), hereby moves the Court (this "Motion") for entry of an order (the "Proposed Order") approving the settlement with and release of Partners for Growth V, L.P. ("PFG"). In support of the Motion, the Trustee respectfully represents as follows:

**JURISDICTION**

1. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.[1] Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory and legal predicates for the relief sought herein are section 105 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

---

[1] Pursuant to Local Rule 9013-1(f), the Trustee hereby confirms his consent to entry of a final order by the Court in connection with this Motion if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

**BACKGROUND**

3. On September 9, 2020 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code.

4. On September 9, 2020, George L. Miller was appointed as chapter 7 trustee of the Debtor's bankruptcy estate (the "Estate") pursuant to section 721 of the Bankruptcy Code. The section 341 meeting of creditors has been held and concluded.

5. On September 22, 2020, the Trustee filed the *Chapter 7 Trustee's Motion For (I) an Order Establishing Bidding Procedures and Granting Related Relief, and (II) an Order Approving the Sale of the Assets* [Dkt. No. 12] (the "Sale Motion").

6. On September 25, 2020, the Court entered an *Order (i) Scheduling a Hearing to Consider Approval of the Sale of Substantially all of the Debtor's Assets, and the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (ii) Approving Certain Bidding Procedures, Assumption and Assignment Procedures, and the Form and Manner of Notice Thereof, and (iii) Granting Related Relief* [Dkt. No. 27] (the "Bid Procedures Order").

7. Pursuant to the Bid Procedures Order, the Trustee solicited bids for the sale of substantially all of the Debtor's assets (the "Acquired Assets"). The Trustee received two bids and determined to use the bid from PFG as the baseline bid in connection with the auction scheduled for November 2, 2020. The Trustee was advised that the other bidder was not willing to meet the baseline bid of PFG. Accordingly, the Trustee canceled the Auction and selected PFG's bid as the highest and best offer for the Acquired Assets (the "Successful Bid"). The Notice of Successful Bid and Bidder for the Debtor's Assets [Dkt. No. 60] was filed on November 2, 2020, and attached the Asset Purchase Agreement with PFG (the "APA") and a clean and redline version of the proposed Sale Order.

8.  As part of the consideration for the purchase of the Acquired Assets, PFG negotiated for a full release of all claims of the Estate against PFG, with such release being subject to a duly-noticed 9019 motion and with PFG assuming the risk that such motion is not granted. See APA, § 2.1.  This Motion is in furtherance of the APA and seeks to provide PFG with the full release of all claims of the Estate against PFG.

9.  On November 4, 2020, the Court held a hearing regarding, among other things, the Sale Motion.  On that same date, the Court entered an Order approving the Sale Motion and the transaction contemplated by the APA.  [Dkt. No. 66] (the "Sale Order").

10. The sale of the Acquired Assets to PFG closed on or about November 20, 2020.

## RELIEF REQUESTED AND BASIS THEREFOR

11. By this Motion, the Trustee seeks entry of an Order, substantially in the form attached hereto, pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019, settling any claims of the Estate against PFG by providing PFG with a full release of all claims of the Estate against PFG.

12. Bankruptcy Rule 9019 provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a); see also Myers v. Martin (In re Martin), 91 F.3d 389, 393 (3d Cir. 1996).  In addition, section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order… that is necessary or appropriate to carry out the provision of this title." 11 U.S.C. § 105(a).

13. Courts generally defer to a trustee's business judgment when there is a legitimate business justification for the trustee's decision. See Martin, 91 F.3d at 395.  In arriving at the Stipulation, the Trustee was guided by the factors established by relevant case law regarding the reasonableness of such settlements.  These factors include:  (i) the probability of success in litigation; (ii) the complexity, expense and likely duration of the litigation; (iii) all other factors

3

relevant to making a full and fair assessment of the wisdom of the proposed compromise; and (iv) whether the proposed compromise is fair and equitable to the Estates, creditors, and other parties in interest.  See Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (1968) (hereinafter referred to as "TMT"); see also Martin, 91 F. 3d at 393 ("To minimize litigation and expedite the administration of a bankruptcy estate, [c]ompromises are favored in bankruptcy").

14. Basic to the process of evaluating proposed settlements is "the need to compare the terms of the compromise with the likely rewards of litigation."  TMT, 390 U.S. at 425.  The TMT rule does not require the Court to hold a full evidentiary hearing before a compromise can be approved, rather, the Court's obligation is "to canvass the issues and see whether the settlement 'falls below the lowest point in a range of reasonableness.'"  10 Collier on Bankruptcy, ¶ 9019.2, 9019-4 (15th ed.), quoting In re Drexel Lambert Group, Inc., 134 B.R. 493 (Bankr. S.D.N.Y. 1991).

15. Here, the terms of the settlement and proposed release fall well within the range of reasonableness.  The Trustee has performed an analysis of PFG's liens and has determined that PFG has a first priority lien on substantially all of the Debtor's assets.

16. The Trustee has determined that PFG received not less than $425,000 of cash that appears to have been proceeds of a $975,000 PPP loan, which amount reduced PFG secured claim.  With the exception of PFG's receipt of the $425,000 of PPP loan proceeds, the Trustee is not aware of any basis for potential claims against PFG, and is not certain whether the Estate would have a claim against PFG in connection with its receipt of the PPP loan proceeds, as such funds were received before the 90-day preference period before the Petition Date.

17. The Trustee also acknowledges that he does not have access to the Debtor's emails. Given the resources of the case and potential scope of claims, the Trustee did not conduct any formal or exhaustive discovery regarding potential claims against PFG.

18. The consideration provided by PFG for the release has an approximate cash value of $80,000. This reflects the improvement in terms to PFG's initial signed offer which did not include a release. The cash consideration at closing was increased by $50,000 and PFG agreed to provide the Estate with 10% of accounts receivable collected for September and October services of the Debtor. Thus, even if the Estate has viable claims against PFG in connection with its receipt of PPP loan proceeds, the consideration provided by PFG represents approximately 20% of such claim without the attendant costs and expenses of any litigation. Moreover, it is unclear whether PFG would have been willing to close on any transaction absent receiving a full release.

19. The Trustee respectfully submits that such settlement is reasonable under the circumstances, is in the best interest of the Estate, and should be approved. See, e.g., In re W.T. Grant Co., 699 F.2d 599, 608 (2d Cir. 1983) (courts should only deny a proposed compromise when it "falls below the lowest point in the range of reasonableness").

## NOTICE

20. Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (i) the Office of the United States Trustee; (ii) counsel for PFG; and (iii) all parties who have requested notice pursuant to Federal Rules of Bankruptcy Procedure Rule 2002. The Trustee submits that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST BY TRUSTEE

No prior motion for the relief requested herein has been made to this or any other Court by the Trustee.

WHEREFORE, for the reasons stated herein, the Trustee respectfully requests that the Court grant the relief requested in the Motion, approve the settlement with and release of PFG, and grant such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: November 23, 2020 | ARCHER & GREINER, P.C.<br><br>/s/ *David W. Carickhoff*<br>David W. Carickhoff (No. 3715)<br>300 Delaware Avenue, Suite 1100<br>Wilmington, DE 19801<br>Tel: (302) 777-4350<br>Fax: (302) 777-4352<br>E-mail: dcarickhoff@archerlaw.com<br><br>*Counsel for Chapter 7 Trustee* |

219786220v1